IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDSAY SPILSBURY,

      Plaintiff,

v.                                                  No. 2:25-cv-00646-KRS

CARICE DEMCHOK,
SETH DEMCHOK and
VERA DEMCHOK,

      Defendants.

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 ("Complaint"), (Doc. 1), filed July 9, 2025, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), (Doc. 2), filed July 9, 2025.

**I.    APPLICATION TO PROCEED *IN FORMA PAUPERIS***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $2,600.00; (ii) Plaintiff has $600.00 in a bank account; (iii) Plaintiff has three sons who rely on her for support; and (iv) Plaintiff states: "I have limited income temporary support to survive."[1] The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and Plaintiff has three sons who rely on her for support.

## II. ORDER TO SHOW CAUSE

Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Where the Complaint form prompts plaintiffs to indicate whether defendants were acting under color of state law, Plaintiff marked the "Yes" box. *See* Complaint at 1, 3. Plaintiff alleges Defendants have opened an account on the online gaming platform "Steam" using her name, stalk her using a flying aircraft, have used robots and artificial intelligence to exploit Plaintiff, and sold Plaintiff's identity to the dark web. *See* Complaint at 2-12.

The Complaint fails to state claims pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under

---

[1] Plaintiff states her monthly expenses include $300.00 for rent and $300.00 for a rental car but did not state her monthly amounts for utilities, food, clothing, medical and dental or other expenses.

color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). Plaintiff has not alleged any facts showing that Defendants were acting under color of state law.

Plaintiff states she has begun other lawsuits in the Third Judicial District Court dealing with the same facts involved in this action. *See* Complaint at 13. It appears the Court may lack jurisdiction over this case pursuant to the *Younger* abstention doctrine and/or the *Rooker-Feldman* doctrine due to the state court proceedings.

The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state . . . civil . . . proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted).

The *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. Mo's Express, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388, at *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988).

The Court orders Plaintiff to show cause why the Court should not dismiss this case pursuant to *Younger* and/or *Rooker-Feldman* and for failure to state a claim pursuant to 42 U.S.C. § 1983. If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint that states a claim upon which relief can be granted and that shows that this case is not barred by *Younger* and/or *Rooker-Feldman*. Plaintiff must identify each case in state court dealing with the same facts involved in this action including the name of the courts and the case numbers. Plaintiff must also indicate whether the state court proceeding is ongoing, has been dismissed and whether Plaintiff has appealed any final judgment in the state court proceeding. The amended complaint must comply with the Federal and Local Rules of Civil Procedure and must state a claim over which the Court has jurisdiction. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"); *Nasious v. Two Unknown B.I.C.E. Agents, at*

4

*Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

### III. NOTICE OF CASE MANAGEMENT

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

### IV. COMPLIANCE WITH RULE 11

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status

does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS THEREFORE ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed July 9, 2025, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

**IT IS SO ORDERED.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE