IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDSAY SPILSBURY,

    Plaintiff,

v.                                              No. 2:25-cv-00646-KWR-KRS

CARICE DEMCHOK,
SETH DEMCHOK,
VERA DEMCHOK,
PAT DEMCHOK and
ANDREW DEMCHOK,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL AND ORDER TO SHOW CAUSE

*Pro se* Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Doc. 1, filed July 9, 2025 ("Complaint"). Where the Complaint form prompts plaintiffs to indicate whether defendants were acting under color of state law, Plaintiff marked the "Yes" box. *See* Complaint at 1, 3. Plaintiff alleged Defendants have opened an account on the online gaming platform "Steam" using her name, stalk her using a flying aircraft, have used robots and artificial intelligence to exploit Plaintiff, and sold Plaintiff's identity to the dark web. *See* Complaint at 2-12. Plaintiff stated she has begun other lawsuits in the Third Judicial District Court dealing with the same facts involved in this action. *See* Complaint at 13.

United States Magistrate Judge Kevin R. Sweazea notified Plaintiff it appears the Court may lack jurisdiction over this case pursuant to the *Younger* abstention doctrine[1] and/or the *Rooker-*

---

[1] The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223,

*Feldman* doctrine[2] due to the state court proceedings.  *See* Order to Show Cause at 3-4, Doc. 5, filed August 7, 2025.  Judge Sweazea ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction pursuant to *Younger* and/or *Rooker-Feldman* and for failure to state a claim pursuant to 42 U.S.C. § 1983.  *See* Order to Show Cause at 4.  Judge Sweazea also ordered Plaintiff to file an amended complaint.  *See* Order to Show Cause at 4 (stating Plaintiff must identify each case in state court dealing with the same facts involved in this action including the name of the courts and the case numbers and must indicate whether the state court proceeding is ongoing, has been dismissed and whether Plaintiff has appealed any final judgment in the state court proceeding).

The Court dismisses this case without prejudice for lack of jurisdiction and for failure to comply with the Order to Show Cause.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").  Judge Sweazea notified Plaintiff she bears the burden of alleging facts that support jurisdiction and that failure to comply with Court Orders may result in sanctions including filing restrictions and dismissal of this case.  *See* Order to Show Cause at 4-5 (quoting Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d

---

1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)).  )

[2] "Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction." *Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019).

2

1199, 1204 n.3 (10th Cir. 2003))). Plaintiff did not file a response showing cause why the Court should not dismiss this case for lack of jurisdiction by the August 28, 2025, deadline. Although Plaintiff timely filed an Amended Complaint, it does not show why the Court should not dismiss this case for lack of jurisdiction due to the proceedings in state court; nor does it identify the state court case numbers and the disposition of each case. *See* Amended Complaint for Violation of Civil Rights, Doc. 6, filed August 25, 2025 (alleging Defendants "deployed artificial intelligence technologies to direct continuous verbal abuse, body-focused harassment, and psychological torment at Plaintiff" and "maintain[ed] a continuous electronic 'frequency' connection targeting Plaintiff's body and mind . . .[which] causes physical vibration, foul odors, pain, and severe emotional distress").

Plaintiff also filed a Motion for Preliminary Emergency Injunction "to prevent further irreparable harm pending resolution of the underlying civil rights complaint" and, among other things, "prohibiting Defendant Vera Demchok from continuing frequency-based targeting and harassment of Plaintiff." Doc. 7, filed August 29, 2025. The Court denies Plaintiff's Motion for Preliminary Emergency Injunction because the Court is dismissing this case for lack of jurisdiction.

## ORDER TO SHOW CAUSE

Plaintiff has filed five cases in this Court asserting claims against Defendant Vera Demchok. *See Spilsbury v. Demchok*, No. 2:25cv00646-KWR-KRS (this case; dismissed for lack of jurisdiction and for failure to comply with the Court's Order to Show Cause); *Spilsbury v. Demchok*, No. 2:24cv01043-DHU-JHR (dismissed for failure to state a claim and for failure to comply with the Court's Order to Show Cause); *Spilsbury v. Demchok*, No. 2:24cv00404-MV-JHR (dismissed for lack of jurisdiction and for failure to comply with the Court's Order to Show Cause);

*Spilsbury v. Demchok*, No. 2:24cv00045-MIS-GJF (dismissed for failure to state a claim and for failure to comply with the Court's Order to Show Cause); *Spilsbury v. Demchok*, No. 2:23cv00917-KWR-GBW (dismissed for failure to state a claim).

Plaintiff has repeatedly filed complaints that failed to state a claim or failed to show the Court had jurisdiction over her claims and has repeatedly failed to comply with the Court's Orders to Show Cause. The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such filings and orders Plaintiff to show cause why the Court should not impose filing restrictions.

**Court's Power to Impose Filing Restrictions**

The United States Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff:

4

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating future litigation in this Court and the Clerk will be directed to not file any initial pleading that Plaintiff submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994).

To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Plaintiff's knowledge, Plaintiff's claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that Plaintiff will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Plaintiff's claims have previously been raised or Plaintiff has previously sued the defendants, the affidavit must

certify that the proposed new suit does not present the same claims that this or any other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Plaintiff's Motion for Preliminary Emergency Injunction, Doc. 7, filed August 29, 2025, is **DENIED.**

(iii) Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. If Plaintiff does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any

matter filed after that time.  If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order.

                                                  **/S/ KEA W. RIGGS**
                                        **UNITED STATES DISTRICT JUDGE**